BERGNER, Respondent, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

*April 29—June 2, 1936.*

*John F. Baker* of Milwaukee, for the appellant.

For the respondent there was a brief by *Edward Meyer* and *John R. Cashman,* both of Manitowoc, and oral argument by *Mr. Meyer.*

ROSENBERRY, C. J. In as much as the jury found as the sole negligence of the defendant company, the failure of the signal device to operate, it will be necessary, in view of the conclusion which we have reached, to consider only the evidence in respect to that matter.

It appears without dispute that on April 14, 1934, the day before the accident, the device was thoroughly inspected and was found to be in perfect condition. The device operated properly one-half hour after the accident occurred without having been repaired or inspected when a train approached and passed over the crossing from the south. The wigwag, light, and bell were all operating automatically at 6:40 o'clock on the morning of the accident as a train from each direction passed over the crossing, nothing having been done to the equipment in the meantime. The track circuit which motivated the signal equipment extends two thousand six hundred fifty-five feet north of the crossing and continues to operate until a train traveling south has proceeded to a point where the last pair of wheels on the rear car of the

train passed a point approximately eighteen feet six inches north of the center line of the crossing. The electric power shuts off when the last pair of wheels of the train is nineteen and one-half feet north of the center line of the crossing.

After the accident it was claimed by the plaintiff that the last wheels of the train were within the circuit and that the device therefore should have operated, but it was in fact not operating. We shall not attempt to set out in detail all of the evidence respecting the location of the train when it stopped after the accident.

It is considered that the undisputed physical facts in this case are such as to show conclusively that the defendant was guilty of no negligence with respect to the maintenance of the device in question. The jury found that the plaintiff was in part mistaken as to the facts. Cleveland being an unincorporated village, under the statute the defendant was not required to maintain a signaling device at the point in question. Its duty in that respect was fixed by statute. However, it is considered in this case that the testimony of the witnesses who appeared upon the scene shortly after the accident to the effect that the rear trucks were within the circuit when opposed to the undisputed fact that the signal device had been inspected the previous day, was found to operate perfectly and that it operated one-half hour after the accident and operated three or four hours subsequently without repair, was of such conclusive character as to show that the witnesses were mistaken as to the location of the rear trucks of the train. In any event, the plaintiff offered no evidence in view of the undisputed fact that the signal had the day before been inspected and found in perfect condition and that it operated very shortly after the accident, to show any neglect of duty on the part of the defendant company with respect to the maintenance of the signal. This being the sole negligence found by the jury and the evidence being insufficient to sup-

port the finding because it is contradicted by the undisputed facts established upon the trial, the plaintiff's case must fail for that reason.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.